IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA          :

        -v-                           :

ANDRES ORTIZ,                     :
                                             :   04-M-2173
           Defendant.
                                             :

---

## **PLEA AGREEMENT**

The defendant, ANDRES ORTIZ, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### **I.   THE PLEA AND POSSIBLE SENTENCE**

1. The defendant agrees to plead guilty to a one count Information charging a violation of Title 18, United States Code, Section 1030(a)(2)(B) (Fraud and Related Activity in Connection with Computers), which carries a maximum possible sentence of a term of imprisonment of one year, a fine of $100,000 or both, a mandatory $25 special assessment and a term of supervised release of one year. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 1 year, without credit for time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in paragraph 1 of this agreement.

## II.  SENTENCING GUIDELINES

3. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

## ELEMENTS OF THE CRIME

4. The defendant understands the nature of the offense set forth in paragraph 1 of this agreement and understands that if this

case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

> that (a) the defendant intentionally accessed a computer (b) either without authorization or in a manner that exceeded authorized access and (c) thereby obtained information from a department or agency of the United States.

## FACTUAL BASIS

5.  The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

> a)  that on or about June 28, 2004, the defendant accessed a Buffalo Police Department Computer in a manner which exceeded the scope of his authorized access and obtained personal history information for another person maintained by the NCIC system of the United States Department of Justice. The defendant then passed this information along to Franklin Johnson.

## BASE OFFENSE LEVEL

6.  The government and the defendant agree that Guidelines § 2B1.1(a)(2) and 2B1.1(b)(14)(A) apply to the offense of conviction and provide for a base offense level of 8.

-3-

## ACCEPTANCE OF RESPONSIBILITY

7. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility), which would result in a total offense level of 6.

## CRIMINAL HISTORY CATEGORY

8. It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

9. It is the understanding of the government and the defendant that, with a total offense level of 6 and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of 0 to 6 months, a fine of $500.00 to

$5,000.00, and a period of supervised release of one year. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in paragraph 1 of this agreement.

10. Notwithstanding the above calculations, and considering that the defendant has retired from the Buffalo Police Department, it is the agreement of the parties, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, that the Court at the time of sentence impose no period of imprisonment; and a fine in the amount of $2,500 and a special assessment of $25 and a six (6) month period of probation unless payment in full of the $2,500 fine on the date of sentence, as the appropriate sentence in this case. If, after reviewing the presentence report, the Court rejects this agreement, the defendant shall be afforded the opportunity to withdraw the plea of guilty.

### III. STATUTE OF LIMITATIONS

11. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of

the government and further agrees not to assert the statute of limitations as a defense to any other federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

### IV. GOVERNMENT RIGHTS AND RESERVATIONS

12. The defendant understands that except as set forth in paragraph 10 above, the Court is not bound to accept any Sentencing Guidelines calculations recommended by either party and the defendant will not be entitled to withdraw his plea of guilty based on the sentence imposed by the Court.

13. The defendant understands that the government has reserved the right to:

    a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

    b. respond at sentencing to any statements made by the defendant or

    on the defendant's behalf that are inconsistent with the information and evidence available to the government;

  c. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information regarding the recommendation or factor.

14. At sentencing, the government will move to dismiss the complaint pending against the defendant under Magistrate's No. 04-M-2173.

15. The defendant agrees to provide any financial records and information requested by the Probation Office and also agrees that such records or information provided by the defendant, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

**V. APPEAL RIGHTS**

16. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the

right to appeal, modify pursuant to Title 18, United States Code, Section 3582(c)(2) and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section II, paragraph 9 above, notwithstanding the manner in which the Court determines the sentence.

17. The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

18. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section II, paragraph 9 above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VI. TOTAL AGREEMENT AND AFFIRMATIONS

19. This plea agreement represents the total agreement between the defendant, Andres Ortiz, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

KATHLEEN M. MEHLTRETTER
Acting United States Attorney
Western District of New York

BY: *Michael DiGiacomo*
Michael DiGiacomo
Assistant U. S. Attorney

Dated: October 3, 2005

I have read this agreement, which consists of 10 pages. I have had a full opportunity to discuss this agreement with my attorney, E. Carey Cantwell, Esq. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
Andres Ortiz
Defendant

Dated: October ___, 2005

_____
E. Carey Cantwell, Esq.
Attorney for the Defendant

Dated: October 3, 2005